UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Crim. No. 5:22-cr-00120-GFVT-MAS-1 |
| v. | ) ) ) | **ORDER** |
| FELIPE MONTIEL-JUAREZ, | ) ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew Stinnett pertaining to revocation of Defendant Felipe Montiel-Juarez's term of supervised release. [R. 41.]

On December 9, 2022, Montiel-Juarez pleaded guilty to reentry after prior deportation subsequent to a felony conviction, a violation of 8 U.S.C. § 1326(a) & (b)(1). [R. 22.] On March 7, 2023, this Court sentenced Montiel-Juarez to 15 months' imprisonment, to be followed by 3 years of supervised release. [R. 29.] Montiel-Juarez was released from custody and began serving his term of supervised release on October 5, 2023. After his release from custody, he was deported to his home country of Mexico. On April 12, 2024, Montiel-Juarez was apprehended near the US-Mexico border. [R. 41 at 2.] Probation thereafter charged Montiel-Juarez with two violations of his supervised release conditions. These are that, for Violation 1, Montiel-Juarez committed another federal, state, or local crime by illegally reentering the United States, a Grade B violation, and, for Violation 2, Montiel-Juarez illegally reentered the United States and failed to report to probation upon reentry, a Grade C violation. *Id*. at 2-3.

Judge Stinnett has since prepared the instant Report and Recommendation recommending that Montiel-Juarez be found guilty of the charged violations, that his current term of service be revoked, and that he be sentenced to 8 months imprisonment for his supervised release violations with three years of supervised release to follow. [R. 41 at 8-9.] Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 9; *see* 28 U.S.C. § 636(b)(1). Montiel-Juarez did not raise any objections to Judge Stinnett's Recommendation, but nor did he waive his right to allocution before this Court. Accordingly, this Court scheduled an allocution hearing for Montiel-Juarez. [R. 42; R. 43; R. 44.] At the allocution hearing, counsel for Montiel-Juarez argued that the sentence should be concurrent with the fifteen-month sentence handed down in his illegal reentry case in the District of Arizona. *See United States v. Montiel-Juarez,* 4:24-CR-02503-AMM-MAA (D. Ariz. November 19, 2024). He further noted difficulties he has had securing translation services in order to communicate with his client as to waiver of allocution. Mr. Montiel-Juarez in his allocution noted that he wanted to return to the United States for the opportunity to meet his newborn son, but emphasized that his family has now returned to Mexico following the completion of his fifteen-month sentence.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). In order to receive *de novo* review by this Court, however, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)). A general objection that fails to

2

identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). Montiel-Juarez did not object to Judge Stinnett's recommendation.

While *de novo* review is therefore not required, the Court has examined the record and agrees with Judge Stinnett's recommended sentence. Montiel-Juarez was sentenced for illegal reentry into the United States. A relatively short time after his release he was once again apprehended while present illegally in the United States. While Montiel-Juarez purportedly reentered the United States to visit family, Judge Stinnett noted that "[w]hen given the opportunity to address the Court, Montiel-Juarez expressed a desire to return to Mexico and confirmed that his family no longer resides in the United States." [R. 41 at 5-6.] This admission appears to undermine his stated reason for returning to the United States. Montiel-Juarez's allocution clarified this factual discrepancy to a degree, but a period of incarceration is still necessary to deter Montiel-Juarez from his recurring criminal conduct, to reflect his serious disregard for the law, and address concerns raised by his breach of this Court's trust. Despite Montiel-Juarez's arguments at allocution, the Court believes that this further period of incarceration must run consecutively to the defendant's fifteen-month sentence in *United States v. Montiel-Juarez,* 4:24-CR-02503-AMM-MAA (D. Ariz. November 19, 2024).

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 41]** is **ADOPTED** as and for the Opinion of the Court;

3

2. Defendant Montiel-Juarez is found **GUILTY** of the Violations as charged by the United States Probation Office;

3. Defendant Montiel-Juarez's current term of supervised release is **REVOKED**; and

4. Defendant Montiel-Jaurez is **SENTENCED** to a term of incarceration of **eight (8)** months, to run consecutively to the defendant's sentence in *United States v. Montiel-Juarez,* 4:24-CR-02503-AMM-MAA (D. Ariz. November 19, 2024), with **thirty-six (36)** months of supervision reimposed.

This the 27th day of February 2025.

Gregory F. Van Tatenhove
United States District Judge